UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| RAZOR USA LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant, | ) | Court No 22-00246 |

**COMPLAINT**

Razor USA LLC ("Plaintiff" or "Razor"), by and through its attorneys, alleges and states:

1. Plaintiff brings this action to contest the denial of Protest Nos. 2704-22-159532 and 2704-22-160984 by U.S. Customs & Border Protection under Section 515 of the Tariff Act of 1930, as amended (19 U.S.C. § 1515).

**PARTIES**

2. Plaintiff is an importer of self-balancing scooters and is the importer of record for all protested entries subject to this action.

3. Defendant is the United States of America acting by and through the U.S. Department of Commerce (the "Department" or "Commerce").

**JURISDICTION AND STANDING**

4. This is a civil action to contest the denial of protests under Section 515 of the Tariff Act of 1930 (19 U.S.C. § 1515).

5. The protests that are the subject of this action was timely filed within 180 days of the final liquidation of each of the underlying protested entries. The protests were denied pursuant to 19 U.S.C. § 1515(a).

6. This action was timely commenced within 180 days after the date of mailing of the notices of denial of the underlying protests that are the subject of this action.

7. All liquidated duties, taxes and fees were paid prior to the commencement of this action.

8. This Court has exclusive subject matter jurisdiction over this protest denial action pursuant to 28 U.S.C. §1581(a).

## STATEMENT OF FACTS

9. The imported merchandise that is the subject of this action is collectively known, commercially and in the industry, as self-balancing electric scooters and popularly sometimes referred to as "hoverboards."

10. The imported merchandise entered at the Customs and Border Protection (CBP) Port of Los Angeles/Long Beach, California in 2021.

11. All of the subject self-balancing electric scooters have two wheels driven by 200-watt electric motors powered by rechargeable batteries. Located between the wheels are foot treads that the rider stands on. The foot treads can be controlled independently, and the rider controls the direction and speed of the scooter with foot pressure on the front or back of each of the foot treads.

12. The merchandise subject to this litigation is properly categorized as "wheeled toys" under Subheading 9503.00.00.90, HTSUS, which provides for "Tricycles, scooters, pedal cars and similar wheeled toys; dolls' carriages; dolls, other toys; reduced-scale ("scale") models

and similar recreational models, working or not; puzzles of all kinds; parts and accessories thereof: Other." Subheading 9503.00.00.90, HTSUS, has carried a duty rate of free ad valorem at all times relevant to this action.

13. On various dates in 2021 and 2022, CBP liquidated all entries of the subject self-balancing electric scooters with duty rate increase of 25% *ad valorem* as certain wheeled toys, self-balancing electric scooters under HTSUS subheadings 8711.60.00, and 9903.88.02.

**COUNT I**

14. Paragraphs 1 through 13 are realleged and incorporated herein.

15. Classification under the HTSUS is made in accordance with the HTSUS General Rules of Interpretation (GRIs), and GRI 1 states, in relevant part, that "... classification shall be determined according to the terms of the headings and any relevant section or chapter notes …"

16. Heading 9503, HTSUS, provides for "Tricycles, scooters, pedal cars and similar wheeled toys; dolls' carriages; dolls, other toys; reduced-scale ('scale') models and similar recreational models, working or not; puzzles of all kinds; parts and accessories thereof."

17. Heading 9503 has been recognized by this Court as a "use provision." *Minnetonka Brands, Inc. v. United States*, 24 CIT 645, 651, 110 F. Supp. 2d 1020 (Ct. Int'l Trade 2000).

18. Classification of merchandise under a principal use provision is controlled by Additional U.S. Rule of Interpretation 1 ("ARI"). *Minnetonka Brands, Inc. v. United States*, 24 CIT 645, 651, 110 F. Supp. 2d 1020 (Ct. Int'l Trade 2000).

19. Pursuant to ARI 1(a), classification of the subject self-balancing electric scooters under Heading 9503 is based on the principal use "in the United States at, or immediately prior to, the date of importation, of goods of that class or kind to which the imported goods belong."

*Minnetonka Brands, Inc. v. United States*, 24 CIT 645, 651, 110 F. Supp. 2d 1020 (Ct. Int'l Trade 2000).

20. Articles of Heading 9503 are characterized by their design and principal use for "amusement, diversion, or play, rather than practicality." *Processed Plastic Co. v. United States*, 473 F.3d 1164, 1169 (Fed. Cir. 2006) (quoting *Minnetonka Brands, Inc. v. United States*, 24 CIT 645, 110 F. Supp. 2d 1020 (Ct. Int'l Trade 2000)).

21. The subject self-balancing electric scooters are designed and principally used for amusement, diversion, and/or play, rather than practicality. They are predominantly purchased as toys for children. The subject self-balancing electric scooters are commercially marketed and recognized as toys.

22. Therefore, the subject self-balancing electric scooters are described by the terms of Heading 9503, HTSUS, which provides for "*Tricycles, scooters, pedal cars and similar wheeled toys; dolls' carriages; dolls, other toys; reduced-scale ("scale") models and similar recreational models, working or not; puzzles of all kinds; parts and accessories thereof.*"

23. On the contrary, Heading 8711, HTSUS, provides for "Motorcycles (including mopeds) and cycles fitted with an auxiliary motor, with or without side-cars; side-cars."

24. The subject self-balancing electric scooters are not described by the terms of Heading 8711, HTSUS.

25. The subject self-balancing electric scooters are not of the same class or kind of transportation devices that the Explanatory Notes (ENs) to Heading 8711, HTSUS, describe as intended to be classified under Heading 8711.

26. Section XVII (in which Chapter 87 and thus Heading 8711 fall) Note 1 states that: "This section does not cover articles of heading 9503 or 9508, or sleds, bobsleds, toboggans or

the like of heading 9506." (Italics added).

27. Plaintiff asserts that, pursuant to GRI 1 and ARI 1(a), the subject self-balancing electric scooters are properly classified under Subheading 9503.00.0090, HTSUS, which provides for "Tricycles, scooters, pedal cars and similar wheeled toys; dolls' carriages; dolls, other toys; reduced-scale ("scale") models and similar recreational models, working or not; puzzles of all kinds; parts and accessories thereof: Other."

**COUNT II**

28. Paragraphs 1 through 27 are realleged and incorporated herein.

29. In the alternative, the merchandise which is the subject of this action consists of certain children's toys of a kind known as "dicycles." A "dicycle" is a device with two wheels side by side, unlike singletrack vehicles such as motorcycles and bicycles, which have one wheel followed by another. The Merriam-Webster Dictionary defines a "dicycle" as "a velocipede having the two wheels parallel instead of in the same line."

30. The subject self-balancing scooters are properly classified under subheading 9503.00.00.90, HTSUS, which provides for "Tricycles, scooters, pedal cars and similar wheeled toys; dolls' carriages; dolls, other toys; reduced scale models and similar recreational models, working or not; puzzles of all kinds; parts and accessories thereof; Other", and are duty free.

31. Chapter 87 Note 4, being statutory HTSUS language, provides that: "Heading 8712 includes all children's bicycles. Other children's cycles fall in heading 9503." (Italics added).

32. Chapter 95 Note 1(o) confirms that only children's bicycles (but not children's cycles) are excludable from Chapter 95 (and thus from Heading 9503): "This chapter {i.e. Chapter 95} does not cover … Children's bicycles (heading 8712)." (Italics added). The subject

self-balancing electric scooters are not bicycles, because their wheels are not arranged one behind the other (i.e. in tandem), there is no steering handlebar, no saddle, and no pedals.

33. The self-balancing electric scooters are children's cycles.

34. The self-balancing electric scooters are not bicycles.

35. Note 4 to Chapter 87 HTSUS, which is the best evidence of its contents, provides that "Heading 8712 includes all children's bicycles. Other children's cycles fall in heading 9503, HTSUS."

36. The self-balancing electric scooters are properly classifiable under subheading 9503.00.0090, HTSUS and are free of duty.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff; overruling the Defendant's denial of the protests; determining that the self-balancing electric scooters at issue in this action are properly classified as "wheeled toys" under Subheading 9503.00.0090, HTSUS, as set forth by Plaintiff in Count I above; ordering CBP to reliquidate the subject entries and refund the excess duties paid by the Plaintiff, together with interest as provided by law; and granting such other additional relief as this honorable Court deems just and appropriate.

Respectfully submitted,

Date: August 31, 2026

/s/ *Weronika Bukowski*

Weronika Bukowski

Crowell & Moring LLP
Two Manhattan West
375 Ninthe Avenue
New York, NY 10001
Tel: (212) 530-1930
Email: wbukowski@crowell.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on August 31, 2026, I electronically filed the foregoing Complaint with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

Date: August 31, 2026

*<u>/s/ Weronika Bukowski</u>*

Weronika Bukowski

Crowell & Moring LLP
Two Manhattan West
375 Ninthe Avenue
New York, NY 10001
Tel: (212) 530-1930
Email: wbukowski@crowell.com

*Counsel for Plaintiff*